UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

DANIEL GONZALEZ,

          Petitioner,

v.

C. HOLINKA, Warden, Federal
Correctional Institution, Waseca, MN, and
JEFF FIELD, Immigration & Customs
Enforcement,

          Respondents.

Civil File No. 05-655 (MJD/FLN)

**REPORT AND RECOMMENDATION**

---

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 9.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is an alien from Cuba, who is presently incarcerated at the Federal Correctional Institution in Waseca, Minnesota. He is serving a 63-month prison sentence that was imposed on February 10, 2003, following his federal criminal conviction for

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

distribution of cocaine base.

Petitioner commenced the present action on March 30, 2005, by filing a self-styled pleading entitled "Motion For Mariel Cuban Boat Lift Detainee For Having An Illegal Detainer Placed On Him In Violation Of The Eighth Amendment Right And Congressional Intent." (Docket No. 1.) The Court previously reviewed that pleading, and found it to be impermissibly ambiguous and confusing. Therefore, by Order dated April 5, 2005, (Docket No. 6), Petitioner's initial pleading was stricken, and he was directed to file a new amended pleading – "either a habeas corpus petition brought under 28 U.S.C. § 2241, or a non-habeas civil complaint that satisfies the pleading requirements of Fed. R. Civ. P. 7-11." In response to that prior Order, Petitioner filed an amended pleading on May 2, 2005, which is the "Petition For A Writ of Habeas Corpus Pursuant To Title 28 U.S.C. § 2241" that is presently before the Court.

Although Petitioner's new pleading is hardly a model of clarity, it is now readily apparent that he is seeking a writ of habeas corpus that would vacate a detainer that has been lodged against him by the federal bureau of Immigration and Customs Enforcement, ("ICE"). Petitioner is seeking "an order directing Immigration and Customs Enforcement to show cause why the detainer lodged against the Petitioner should not be removed." (Petition, [Docket No. 9], p. 2.)

Petitioner's ICE detainer was issued because federal law requires that when an alien is serving a prison sentence for a deportable criminal offense, the Attorney General, acting through ICE, must make arrangements to take custody of the alien upon his release from prison. 8 U.S.C. § 1226(c). To fulfill that responsibility in cases involving aliens convicted of federal crimes, ICE typically issues a detainer to the federal Bureau of Prisons, ("BOP").

2

The detainer informs the BOP of the alien's potential deportability, and requests the BOP's cooperation to ensure that ICE is able to take custody of the alien when he reaches the end of his prison sentence.  See 8 C.F.R. §287.7(a).[2]  The detainer at issue in this case asks the BOP to notify ICE when Petitioner is nearing the end of his sentence, so that upon his release from prison, he can be taken into ICE custody, if ICE finds that to be necessary and appropriate to facilitate future deportation proceedings.[3]

Petitioner claims that his ICE detainer is invalid, and that the BOP has wrongly relied on the allegedly invalid detainer to determine his custody classification.  He further claims that the allegedly invalid detainer, and his concomitant custody classification, have caused him to be denied certain benefits and privileges accorded to other federal prison inmates. Petitioner is seeking a writ of habeas corpus that would vacate the detainer, and thereby change his custody classification.  However, the Court finds, for the reasons discussed below, that Petitioner cannot challenge the validity of his ICE detainer in the present

---

[2]  According to 8 C.F.R. § 287.7(a) --

"A detainer serves to advise another law enforcement agency that the Service seeks custody of an alien presently in custody of that agency, for the purpose of arresting and removing the alien.  The detainer is a request that such agency advise the Service, prior to release of the alien, in order for the Service to arrange to assume custody, in situations when gaining immediate custody is either impracticable or impossible."

[3]  A copy of Petitioner's detainer is attached to his original pleading, (Docket No. 1), as "Exhibit 9."  It indicates that an "[i]nvestigation has been initiated to determine whether this person [i.e., Petitioner] is subject to deportation from the U.S."  The detainer asks the BOP to "[n]otify this office of the time of release at least 30 days prior to release or as much in advance as possible."  The detainer further indicates that "[t]his is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments or other treatment which he would otherwise receive."

3

habeas corpus action.

## II.  DISCUSSION

A writ of habeas corpus directs the custodian of a prisoner to release the prisoner from his confinement, if such confinement has been shown to be unlawful.  Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988)("[t]he Writ of Habeas Corpus functions to grant relief from unlawful custody or imprisonment"), cert. denied, 490 U.S. 1082 (1989).  If the prisoner is not in the custody of the party against whom relief is sought, then a writ of habeas corpus cannot be granted.  Id.

In this case, Petitioner is currently in the custody of the BOP, serving a prison sentence for a federal crime.  It is readily apparent, however, that Petitioner is not challenging the validity of the BOP's custody.  He is not attacking his conviction or sentence, he is not challenging the fact or duration of his confinement, and he is not otherwise claiming that the BOP must expedite his release from prison.

Instead, it clearly appears that Petitioner is actually seeking relief from ICE.  More specifically, he is asking the Court to vacate the ICE detainer against him.  Such relief is not available by writ of habeas corpus, however, because Petitioner is not in ICE custody at this time.  According to Campillo, an alien who is committed to the BOP to serve a federal prison sentence for a federal crime is considered to be in BOP custody -- not ICE custody.  853 F.2d at 595.  If ICE determines that an alien in BOP custody may be deportable, then ICE may deliver a detainer that notifies the BOP of the alien's potential deportability – which is what ICE has done in Petitioner's case.  By issuing such a detainer, however, ICE does not take a prisoner into custody.  The detainer "merely notifies prison officials that a decision regarding [the alien's] deportation will be made by the INS at some

4

future date." Id.[4]

The Court of Appeals concluded in Campillo that "[t]he filing of an INS detainer, standing alone, does not cause a sentenced offender to come within the custody of the INS for purposes of a petition for a writ of habeas corpus." Id. The Court specifically rejected the suggestion that an ICE detainer, such as the one at issue here, might give ICE constructive custody, or "technical custody," of an alien who is serving a federal prison sentence in a BOP facility. In the words of the Eighth Circuit, "[w]e do not believe that the filing of a detainer with prison officials amounts to the taking into custody, technical or otherwise, of the petitioner." Id. at 596. Thus, Campillo clearly indicates that Petitioner cannot challenge his ICE detainer in a habeas corpus proceeding, because he is not in ICE custody at this time.[5] As long as Petitioner is not in ICE custody, the federal habeas corpus statutes do not provide a means by which he can challenge the validity of his ICE detainer.[6]

The outcome of this case is not affected by Petitioner's allegations regarding his custody classification, and his alleged loss of inmate benefits and privileges. In Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989), the Court of Appeals specifically

---

[4] The "INS" referred to in the Court of Appeals' opinion is, of course, the Immigration and Naturalization Service, which is the former name of ICE.

[5] Decisions from other circuits are consistent with Campillo. See, e.g., Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994)("bare detainer letter does not sufficiently place an alien in INS custody to make Habeas corpus available"); Prieto v. Gluch, 913 F.2d 1159, 1162-64 (6th Cir. 1990)(same), cert. denied, 498 U.S. 1092 (1991); Orozco v. INS, 911 F.2d 539, 541 (11th Cir. 1990)(same).

[6] The fact that Jeff Fields, (presumably an ICE agent), is named as a co-respondent in Petitioner's current pleading does not alter the analysis and resolution of Petitioner's claims. Because Petitioner is in BOP custody, rather than ICE custody, he cannot challenge the ICE detainer in a habeas corpus proceeding, regardless of who he might name as a respondent.

considered whether a prisoner might be entitled to "mandamus or equitable relief... against prison officials for considering [an] INS detainer in assessing his security and custody classification." Id. at 260 (footnote omitted).  The Court concluded that no such relief could be granted because, "[u]nder the applicable Bureau of Prisons regulations, prison officials can consider an INS detainer in assessing a prisoner's security and custody classification." Id.

According to Mohammed, the BOP can properly consider Petitioner's detainer for purposes of determining his custody and security classification.  See also Roberts v. Matthews, No. 88-3014-O, (D.Kan. 1990), 1990 WL 203153 at *1 (an INS detainer is not statutorily or constitutionally objectionable simply because it affects an inmate's status within the prison, because "[p]risoner classification... in the federal system is within the complete discretion of federal prison officials"); Walford v. INS, 48 F.3d 477, 478 (10th Cir. 1995) (INS detainer that prevented inmate from participating in prison programs did not trigger due process concerns); Moody v. Daggett, 429 U.S. 78, 88, n. 9 (1976) (rejecting inmate claim that detainer "adversely affect[ed] his prison classification and qualification for institutional programs" because "Congress has given federal prison officials full discretion to control these conditions of confinement").

The Court recognizes that one of the potential benefits that Petitioner allegedly has lost as a result of his ICE detainer is an opportunity for an early release if he were to successfully complete a BOP drug rehabilitation program.  See 18 U.S.C. § 3621(e)(2)(B) ("[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must

otherwise serve").  However, as the Court pointed out in the prior Order in this case, "it is entirely legal and proper for the federal Bureau of Prisons to deny an alien an early release from prison under 18 U.S.C. § 3621(e)(2)(B) because of an ICE-issued detainer."  Order dated April 5, 2005, [Docket No. 6], p. 3, citing Carranza v. Medellin, 252 F.3d 1356 (5th Cir. 2001) (unpublished opinion); Camarena v. Slade, 107 Fed.Appx. 821 (9th Cir. 2004) (unpublished opinion).  See also Hernandez v. Lindeman, Civil No. 00-1165 (JRT/FLN) (D.Minn. 2002), (Tunheim, J.), 2002 WL 31163074 at *3 ("The BOP has decided that inmates subject to INS detainers are not eligible for early release under § 3621(e)....  This type of security or custody classification is well within the BOP's discretion").[7]

Finally the Court notes that the Supreme Court's recent decision in Clark v. Suarez Martinez, 125 S.Ct. 716 (2005), which Petitioner has cited in his petition, has no bearing on this case.  In Clark, the Court held that an illegal alien who is subject to a final but not-yet-executed removal order cannot be detained by ICE indefinitely.  Clark is wholly irrelevant to this case, because Petitioner is not in ICE custody awaiting execution of a final deportation order; he is still in BOP custody serving a sentence for a crime that he committed.

## III.  CONCLUSION

---

[7]  Petitioner argues that "the detainer here would serve no other purpose than to hinder his attempts at rehabilitating himself," (Petition, [Docket No. 9], p. 6), but that is not so.  The purpose of the ICE detainer is not to punish Petitioner, or "hinder his attempts at rehabilitating himself;" the purpose of the detainer is to ensure that Petitioner can be found and detained if ICE attempts to deport him after he completes his prison sentence.  See n. 2, supra.

For the reasons discussed above, the Court concludes that Petitioner cannot challenge the validity of his ICE detainer in this habeas corpus proceeding.  Moreover, Petitioner has no viable legal basis to challenge the BOP's consideration of the ICE detainer in making its custody classification determinations.  In short, Petitioner has presented no actionable claim for habeas corpus relief.  It will therefore be recommended that the instant petition be summarily dismissed.

Because Petitioner has failed to state an actionable habeas corpus claim, his application to proceed in forma pauperis, (Docket No. 2), must be denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV.  RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1.  Petitioner's application to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2. Petitioner's application for a writ of habeas corpus, (Docket No. 9), be summarily DISMISSED.


Dated: May 19, 2005

　　　　　　　　　　　　　　　　 *s/ Franklin L. Noel*
　　　　　　　　　　　　　　　　 FRANKLIN L. NOEL
　　　　　　　　　　　　　　　　 United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by

filing with the Clerk of Court and serving on all parties, on or before **June 8, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.